IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| THORCO SHIPPING A/S §<br>　　Plaintiff, §<br>§<br>v. §<br>§<br>SCHRODER MARINE SERVICES, INC., §<br>　　Defendant. § | C.A. NO. _____<br>(ADMIRALTY) |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Thorco Shipping A/S (hereinafter "Plaintiff" and/or "Thorco"), files its Complaint against Defendant Schroder Marine Services, Inc. (hereinafter "Defendant" and/or "SMS") alleges upon information and belief as follows:

1.   This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and this Court has admiralty jurisdiction pursuant to 28 U.S.C. §1333 because this case involves claims for indemnity, breach of maritime contract, breach of warranty, and torts committed by Defendant SMS with respect to services provided to Thorco in respect to M/V THORCO LUNA.

2.   In addition, this Court has diversity jurisdiction pursuant to 28 U.S.C. §1332 in that the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs, and is between a foreign entity and a domestic corporation as outlined more fully below.

3.   At all times material hereto, Plaintiff Thorco was and still is a foreign business entity duly organized and existing under the laws of Denmark with an address and place of business at Tuborg Parkvej 10, DK-2900 Hellerup, Denmark.

4. At all times material hereto, the Defendant SMS was and still is a corporation duly organized and existing pursuant to the laws of the state of Texas and can be served through its registered agent Jurgen R. Schroder at 1717 East Loop North, Houston, TX 77029.

## FACTS

5. At all times relevant herein, Plaintiff Thorco was the charterer and disponent owner of the vessel M/V THORCO LUNA, a Philippines flagged general cargo vessel.

6. At all times relevant herein, Defendant SMS is a stevedoring company that operates primarily in the Port of Houston with a focus on special-handling cargo and developing custom tailored solutions.

7. At all times relevant herein, the vessel M/V THORCO LUNA was under hire to transport certain oil field supply equipment from Houston, TX, to Jinhae, South Korea under Bill of Lading No. THZS33307HOUBU01.

8. In July 2015, Defendant SMS was contracted under a maritime contract to perform stevedoring services, including the loading and securing of the cargo onboard the M/V THORCO LUNA.

9. In July 2015, Defendant SMS performed the stevedoring services including the loading and securing of the cargo onboard the M/V THORCO LUNA.

10. Defendant SMS invoiced for its services and was paid for the services performed.

11. In performing the work, Defendant SMS failed to properly and adequately load, secure, and stow the cargo.

12. During the voyage from Texas to South Korea, the cargo suffered physical damage as a result of the improper loading, securing and stowing by Defendant SMS.

13. As a result of the damage to the cargo, the Cargo Interests, GAC North America Logistics, have made a claim subject to arbitration in London (as provided under the terms of the charter party between vessel interest and Cargo Interests) against Plaintiff Thorco for damages in the amount of $1,180,104.10.

14. At all times SMS was on notice of the claims made against Plaintiff Thorco.

15. Plaintiff Thorco itself has or will have suffered its own damages and incurred costs as a result of the damage to the cargo and/or the vessel in an amount to be determined.

### FIRST CAUSE OF ACTION FOR BREACH OF WARRANTY

16. Plaintiff repeats and realleges the allegations contained in paragraphs 1 to 15 above as if fully stated herein.

17. Defendant SMS warranted to perform the stevedoring services in a workmanlike manner, exercising that degree of due diligence, attention, and skill reasonably expected of those holding themselves out as capable of properly completing the task.

18. The services performed under the contract were for the benefit and at the request of Thorco and thus SMS owed a warranty to Thorco.

19. The warranty extends SMS's liability for damages and a breach of the warranty of workmanlike performance for all foreseeable and proximately caused losses incurred, including the value of the cargo lost or damaged, loss of use of the vessel, and property damage.

20. The failure to exercise due care in loading, securing, and stowing for the carriage of the cargo, would foreseeably result in damage to the cargo as well as the vessel.

21. In breach of the implied warranty of workmanlike performance, Defendant SMS failed to perform such services as agreed with Thorco in a proper manner thereby resulting in damage to the cargo, vessel, and Thorco.

22. As a result of the above, SMS breached its express and/or implied warranty owed to Plaintiff Thorco, and is therefore liable for all damages incurred or sustained by Plaintiff Thorco as a result of SMS's breach.

## SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT

23. Plaintiff repeats and realleges the allegations contained in paragraphs 1 to 22 above as if fully stated herein.

24. Pursuant to the maritime contract between Plaintiff Thorco and Defendant SMS, SMS agreed to perform stevedoring services for the loading, securing and stowing of the cargo for its transit from Texas to South Korea.

25. In breach of its contractual duties, Defendant SMS failed to perform such services as agreed with Thorco resulting in damage to the cargo, vessel, and NORDEN by reason of the arbitration brought by Cargo Interests.

26. As a result of the above, SMS has breached its contract with Plaintiff Thorco, and is therefore liable for all damages incurred or sustained by Plaintiff Thorco as a result of SMS's breach, including any amounts paid or the will be paid for claims of damage to the cargo or the vessel.

## THIRD CAUSE OF ACTION FOR MARITIME TORT

27. Plaintiff repeats and realleges the allegations contained in paragraphs 1 to 26 above as if fully stated herein.

28. Defendant SMS as a maritime service provider with employees and/or agents on, in, or working the M/V THORCO LUNA, owed a duty to act in a reasonably prudent manner, and not to cause or contribute to damage to the vessel M/V THORCO LUNA or its cargo.

29.     As a direct and foreseeable result of Defendant SMS's acts and/or omissions during the loading, securing, and/or stowing of the cargo in Houston, TX, the cargo was damaged and/or was placed in a condition in which it was not properly secured and subject to damage as a direct result of Defendant.

30.     Defendant SMS's conduct was negligent and caused or contributed to damage to Cargo Interests, the M/V THORCO LUNA, its Owners, and Charterers.

31.     As a result of the SMS's negligence, it is liable for all damages incurred or sustained by Plaintiff Thorco, including amounts paid or to be paid for claims of damage to the cargo and/or vessel.

## FOURTH CAUSE OF ACTION FOR INDEMNITY

32.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 to 31 above as if fully stated herein.

33.     Plaintiff Thorco's defense of claims brought by the Cargo Interests arising under the charter or bill of lading between Thorco and Cargo Interests, and Thorco's payment of amounts pursuant to a judgment or settlement of those claims arises solely from SMS's acts and/or omissions which caused damage to the cargo.

34.     Defendant SMS is responsible to indemnify Thorco for amounts which Thorco paid or will pay pursuant to a judgment or in settlement of the Cargo Interests' claims and as to which Thorco's liability to Cargo Interests arose solely as a result of SMS's acts and/or omissions.

35.     Defendant SMS is also responsible to indemnify Thorco for Thorco's own damages and costs with respect to the defense of Cargo Interests' claims and as to which Thorco's defense of such claims arose solely as a result of SMS's acts and/or omissions.

WHEREFORE, Plaintiff Thorco prays:

a. That Plaintiff have judgment against Defendant on all of the foregoing causes of action and be awarded damages in the amount to be determined by this Court; such damages consisting of Thorco's own damages and indemnification for amounts paid pursuant to a judgement or in settlement to Cargo Interests for the claims arising from SMS's conduct as alleged herein in an amount to be determined, and in the amount to cover Thorco's own damages and the costs associated with the defense and resolution of the claims with Cargo Interests in the London arbitration, such amounts being a just and reasonable costs in defense of the disputed claims.

b. That the Plaintiff have such other, further and different relief including but not limited to costs, interest and attorneys' fees, as this Court may deem just and proper in the premises.

Respectfully submitted,

_____
William A. Durham
State Bar No. 06281800
Fed. ID No. 4172
The Niels Esperson Building
808 Travis, Suite 1300
Houston, TX  77002
(713) 225-0905 – Telephone
(713) 225-2907 – Telefax
E-mail:  durham@easthamlaw.com

*Attorneys for Plaintiff, Thorco Shipping A/S*

OF COUNSEL:

EASTHAM, WATSON, DALE & FORNEY, L.L.P.